**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONYELL M. COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01587-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Petitioner Donyell Coleman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  *See* Docs. [1], [4].  Having reviewed the Petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, the Court has determined that this matter would benefit from briefing by Respondent.  No later than June 1, 2026, Respondent shall answer Petitioner's Writ of Habeas Corpus.  Petitioner shall have until July 1, 2026, to file a reply.

### BACKGROUND

To promote the release of federal prisoners who possess a low risk of recidivism, thus reducing the federal prison population, Congress enacted Title I of the First Step Act of 2018 (FSA), incentivizing prisoners to participate in and complete "recidivism reduction programs" in order to earn "Federal Time Credits" (FTCs), which are separate from ordinary good time credits.  18 U.S.C. § 3632(d)(4).  Eligible inmates may earn between 10 and 15 days of FTCs for every 30 days of successful participation in programming or activities.  Each FTC earned is equivalent to one day of credit in reducing a prisoner's sentence.  *See* 18 U.S.C. § 3632(d)(4)(A)(i)–(ii); 28 C.F.R. § 523.42(c)(2).

On November 20, 2013, Petitioner Donyell Coleman was charged by indictment with distribution of heroin and conspiracy to distribute heroin.  *See United States v. Coleman*, No. 4:13-CR-00487-SEP (E.D.Mo.), Crim. Doc. [1].  On April 14, 2014, Petitioner pled guilty to

---

[1] Petitioner filed both a Petition for Writ of Habeas Corpus under § 2241 and an Amended Petition.  Docs. [1], [4].  Petitioner filed memoranda in support of his Petitions.  Docs. [2], [5].  The Petition, Amended Petition, and memoranda in support all appear to be substantially the same.

conspiracy to distribute heroin, and in return, the government dismissed the remaining counts of the indictment.  *Id.*, Crim. Doc. [159].  On July 30, 2014, the Court sentenced Petitioner to 140 months of imprisonment followed by 4 years of supervised release.  *Id.*, Crim. Doc. [273].  Petitioner did not appeal.  *Id.*, Crim. Doc. [275].

Petitioner was released from prison on October 3, 2022, and began his supervised release term at that time.  Doc. [2] at 2; *see also* Doc. [5] at 2.  According to filings in his criminal action by his probation officer, Petitioner's term of supervised release is set to expire on October 2, 2026.  *See United States v. Coleman*, No. 4:13-CR-00487-SEP (E.D.Mo.), Crim. Doc. [436].

Petitioner asserts that he took advantage of the FSA's educational benefits, earning approximately 300 FTCs.  He alleges that he made written requests to the Bureau of Prisons (BOP) seeking recalculation of both his sentence and supervised release sentence, but no new computation of either sentence was provided to him.  *See* Doc. [2] at 2; *see also* Doc. [5] at 2.  Petitioner seeks early termination of his supervised release sentence.[2]

## DISCUSSION

Critical to Petitioner's claim is the statutory provision providing that FTCs are applied "toward time in prerelease custody or supervised release."  18 U.S.C. § 3632(d)(4)(C).  Circuit courts have diverged when construing this statutory language.

The Fourth, Fifth, Sixth, and Eleventh Circuits have reasoned that FSA time credits can be used to reduce a prison term but not a supervised release term.  *See Hargrove v. Healy*, 155 F.4th 530 (6th Cir. 2025); *Guerriero v. Miami RRM*, 2024 WL 2017730 (11th Cir. May 7, 2024) (per curiam); *United States v. Malik*, 2025 WL 973003, at *1 (4th Cir. Apr. 1, 2025) (per curiam) ("Time credits earned under the FSA 2018 are to be applied to reduce an incarcerated person's prison term not the person's term of supervised release."); *Stinson v. Martinez*, 2025 WL 2017872, at *1 (5th Cir. July 18, 2025) (per curiam) ("[Earned time credits] may only be applied towards an early start of supervised release or early transfer to pre-release custody."); *Valladares v. Ray*, 130 F.4th 74, 79 (4th Cir. 2025) ("Under the FSA, time credits can be applied toward earlier placement in pre-release custody or supervised release.").  But the Ninth Circuit has

---

[2] Petitioner is "in custody" for purposes of 28 U.S.C. § 2241 if he is currently serving his term of supervised release.  *See Wilson v. Fikes*, 2019 WL 7593244, at *2 (D. Minn. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 6318621, at *1 (D. Minn. Nov. 26, 2019) ("[A] person subject to conditions of supervised release remains 'in custody' as that phrase has been construed within the context of habeas litigation.").

reached the opposite conclusion, holding that "the FSA's time credits may be used to reduce the length of time that a prisoner must spend while on supervised release." *Gonzalez v. Herrera*, 151 F.4th 1076, 1089 (9th Cir. 2025).

Because the Eighth Circuit Court of Appeals has not yet spoken on this issue, the Court will ask for briefing on this matter.  No later than June 1, 2026, Respondent shall respond to Petitioner's Writ of Habeas Corpus.  Petitioner shall have until July 1, 2026, to file a reply brief in support of his Petition.

Accordingly,

**IT IS HEREBY ORDERED** that **no later than June 1, 2026**, Respondent shall respond to Petitioner's Writ of Habeas Corpus.

**IT IS FURTHER ORDERED** that after the filing of Respondent's brief, **Petitioner shall have until July 1, 2026, to file a reply brief** in support of his Petition.

Dated this 1st day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3